IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SENDERRA RX PARTNERS, LLC, § | | |
| PLAINTIFF § | | |
| § | | |
| § | | |
| v. § | CASE NO. 15-1911 | |
| § | | |
| § | | |
| SPUD SOFTWARE COMPANY, INC., § | | |
| DEFENDANT § | | |

NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Spud Software Company, Inc., ("Spud" or "Defendant") and Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, files this Notice of Removal of the action styled *Senderra RX Partners, LLC, v. Spud Software Company, Inc.,* Cause no. DC-15-05791, in the District Court of Dallas County, Texas, 134th Judicial District ("State Court Action").

**CASE BACKGROUND AND GROUNDS FOR REMOVAL**

TIMELINE

1. On or about May 22, 2015, Plaintiff commenced an action in the District Court of Dallas, Cause No DC-15-05791, against Defendant.

2. Plaintiff filed a Petition and Application for Injunctive Relief against Defendant for allegedly using confidential information and marketing a competing software product that Defendant developed for Plaintiff.

3. Plaintiff's Petition alleges breach of contract and violation of the Texas Uniform Trade Secret Act by Defendant. On May 26, 2015, Plaintiff filed its First Amended Petition and Application for Injunctive Relief ("Petition"), a true and correct copy of which is attached hereto as Exhibit "F".

4. Plaintiff's counsel provided Defendant's Michigan counsel with a copy of Plaintiff's Original Petition and Application on Friday May 22, 2015, after counsel's office was closed for the Memorial Day weekend, advising that they would be appearing in District Court to seek a Temporary Restraining Order ("TRO") Tuesday morning, May 26, 2015. Plaintiff knew that the Court and most offices were closed for the holiday weekend thereby preventing Defendant from securing Texas counsel to appear on its behalf.

5. As a result of Plaintiff's strategic filing, Defendant was not present to represent itself or have counsel appear and object to the TRO. Essentially the TRO was entered *ex parte* and without the benefit of Defendant's position on the matter. A true and correct copy of the TRO is attached hereto as Exhibit "G".

6. The Petition and Application were first received by Defendant's Michigan counsel via email on May 22, 2015. Neither Defendant nor Defendant's counsel received a copy of Plaintiff's Petition and Application prior to May 22, 2015.

7. The filing of the Notice of Removal is timely in that Defendant has filed this Notice within thirty days after Defendant's first receipt of a copy of the initial pleadings as required by 28 U.S.C. § 1446(b).

LEGAL GROUNDS FOR REMOVAL and JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000.

9. Venue is proper in this Court because the underlying State Court Action is pending in the District Court of Dallas County, Texas. *See* 28 U.S.C. § 1441(a).

**Diversity of Citizenship and Amount in Controversy**

10. The civil action is between citizens of different states. Therefore there is diversity of citizenship between the parties.

11. Plaintiff is a Texas limited liability company with its principal place of business located at 1301 E. Arapaho Road, Richardson, Texas 75081. It is thus a citizen of Texas for purposes of diversity of citizenship.

12. Defendant is a Michigan company with its principal place of business located at 9468 S. Saganaw Road, Grand Blanc, Michigan 48439. It is thus a citizen of Michigan for purposes of diversity of citizenship.

13. Accordingly, the citizenship of Plaintiff and Defendant are completely diverse.

14. Plaintiff's Petition seeks monetary relief of over $200,000 but not more than $1,000,000 from Defendant. The amount in controversy thus exceeds the $75,000 threshold. *See* Petition at p.5.

**NOTICE TO THE PARTIES AND THE DISTRICT COURT**

15. Pursuant to 28 U.S.C. § 1446(d), counsel for the Defendant shall serve all parties with a copy of this Notice of Removal.

16.     Pursuant to 28 U.S.C. § 1446(d), counsel for the Defendant shall file a Notice of Filing of Removal to Federal Court in the District Court of Dallas County, as soon as this Notice of Removal of Plaintiff's Petition has been filed in this Court.

17.     In accordance with 28 U.S.C. § 1146(a) and Local Rule 81.1, the following documents are filed with this Notice of Removal:

- Exhibits A through M- Copies of all documents filed in the State Court Action;
- Exhibit N-Index of all documents filed in the State Court Action;
- Exhibit O-Docket Sheet from the State Court Action;
- Exhibit P-Civil Cover Sheet;
- Exhibit Q-Supplemental Civil Cover Sheet.

## **CONCLUSION**

18.     Because Plaintiff's Petition, filed May 22, 2015, is against only one Defendant and since it has been less than thirty (30) days since Defendant's initial receipt of the initial pleadings, this Notice of Removal is timely filed. This Court has jurisdiction because there is diversity of parties, and the amount in controversy exceeds $75,000. There are no other Defendants from whom consent is required. Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

WHEREFORE, Defendant requests that the action now pending before the District Court Dallas County, Cause No. DC-15-05791, be removed to this Court.

Respectfully submitted,

/s/ Eric L. Scott
Eric L. Scott
Texas Bar No. 24002919

**SCOTT | VISCUSO, PLLC**

408 West 8th Street
Suite 205
Dallas, Texas 75208
214.289.2891 | direct
480.393.5063 | fax
escott@sv-legal.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on this the 2nd day of June, 2015 a true and correct copy of the foregoing was served on counsel of record.

/s/ Eric L. Scott