# EXHIBIT D

FILED
DALLAS COUNTY
5/26/2015 1:04:39 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-15-05791

| | | |
|---|---|---|
| SENDERRA RX PARTNERS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SPUD SOFTWARE COMPANY, INC. | § | |
| | § | |
| *Defendant*. | § | 134TH JUDICIAL DISTRICT |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff Senderra Rx Partners, LLC ("Plaintiff" or "Senderra") files its Motion for Expedited Discovery as follows:

### I.
### BACKGROUND

On May 22, 2015, Plaintiff filed its Original Petition and Application for Injunctive Relief against Defendant Spud Software Company, Inc. ("Defendant" or "Spud"). Through its Petition, Plaintiff seeks a temporary restraining order, temporary injunction, and at the conclusion of trial, a permanent injunction against Defendant to prohibit it from using and retaining his confidential and proprietary information, from soliciting its employees, and engaging in prohibited competition.

The Texas Rules of Civil Procedure allow courts to issue orders controlling discovery matters and tailor discovery deadlines to the circumstances of specific suits. TEX. R. CIV. P. 190.4, 191.1. Further, courts have discretion to permit the taking of discovery on an expedited basis. *See, e.g.*, *Luxenburg v. Marshall*, 835 S.W.2d 136, 137 (Tex. App. – Dallas, 1992, no writ); *Haber Oil Co., Inc. v. Stanley Swabbing & Well Service, Inc.*, 741 S.W.2d 611, 612 (Tex. App. – Beaumont 1987, no writ).

Given Plaintiff's request for a hearing on its application for a temporary injunction, Plaintiff requests that the Court allow it to schedule the deposition of a corporate representative of Spud no later than seven days after filing this Motion. Plaintiff specifically requests this order regarding the deposition schedule so that Plaintiff may be adequately prepared for the hearing on its application for temporary injunction.

Plaintiff further requests that it be permitted to serve on the Defendant notices duces tecum or requests for the production of documents relevant to this case, with responses to such document requests due no later than three days after receipt of either notice duces tecum or request for production. A true and correct copy of the requests for production that Plaintiff anticipates serving on Defendant is attached hereto as **Exhibit A**.

## II.
## RELIEF REQUESTED

Based upon the foregoing, Plaintiff respectfully requests that the Court allow Plaintiff to take the deposition of a corporate representative of Defendant on or before no later than seven days after the filing of this Motion, and allow notices duces tecum or requests for the production of documents to be served on Defendant, with Defendant's responses due no later than three days after receipt of a notice duces tecum or request for production. Plaintiff further respectfully requests that the Court grant it all other relief to which it is entitled.

Respectfully Submitted,

*/s/ Isabel A. Crosby*_____
ANDREWS KURTH LLP
Marc D. Katz
State Bar No. 00791002
marckatz@andrewskurth.com
Isabel Andrade Crosby
State Bar No. 24050226
isabelcrosby@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Facsimile:   (214) 659-4401

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument was served upon Defendant via certified mail, on this 26th day of May, 2015, as follows:

Spud Software, Inc.
c/o Registered Agent Derek Sommer
9468 S. Saginaw Street
Grand Blanc, MI  48439


*/s/ Isabel A. Crosby*_____

# EXHIBIT A

CAUSE NO. DC-15-05791

| | | |
|---|---|---|
| SENDERRA RX PARTNERS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| SPUD SOFTWARE COMPANY, INC. | § | |
| | § | |
| *Defendant*. | § | 134TH JUDICIAL DISTRICT |

# PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SPUD SOFTWARE COMPANY, INC.

TO:   Defendant Spud Software Company, Inc., 9468 S. Saginaw Street, Grand Blanc, MI 48439.

Plaintiff Senderra Rx Partners, LLC ("Plaintiff" or "Senderra") requests that Defendant Spud Software Company, Inc. ("Defendant" or "Spud"), within **3 days** from receipt hereof, produce at the offices of Andrews Kurth LLP, 1717 Main Street, Suite 3700, Dallas, Texas 75201, the documents requested herein.

        Respectfully Submitted,

        */s/ Isabel A. Crosby*_____
        ANDREWS KURTH LLP
        Marc D. Katz
        State Bar No. 00791002
        marckatz@andrewskurth.com
        Isabel Andrade Crosby
        State Bar No. 24050226
        isabelcrosby@andrewskurth.com
        1717 Main Street, Suite 3700
        Dallas, Texas 75201
        Telephone:  (214) 659-4400
        Facsimile:   (214) 659-4401

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing instrument was served upon Defendant via certified mail, on this 26th day of May, 2015, as follows:

  Spud Software, Inc.
  c/o Registered Agent Derek Sommer
  9468 S. Saginaw Street
  Grand Blanc, MI  48439

        */s/ Isabel A. Crosby*_____
        Isabel A. Crosby

# I.
# INSTRUCTIONS

1.  For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document; the name, job title, and address of the person who prepared it; the name, job title, and address of the person to whom it was addressed, to whom it was circulated, or who saw it; the name, job title, and address of the person now in possession of the document; the description of the subject matter of the document; and the present location and custodian of the document.

2.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

3.  These requests are continuing in nature, to the extent permitted under the Texas Rules of Civil Procedure, requiring Defendant to supplement the responses.

# II.
# DEFINITIONS

For purposes of these Requests for Production, the terms listed below are defined as follows:

1.  **"And"** and **"or"** are to be construed conjunctively or disjunctively as necessary to bring within the scope of a specification all materials which might otherwise be construed to be outside its scope.

2. **"Any"** and **"all"** mean each and every.

3. **"Communication"** means any transmission or exchange of information either orally or in writing, and includes any conversation, letter, note, memorandum, electronic mail, inter-office or intra-office correspondence, telephone call, telegraph, telecopy, telefax, cable, conference, tape recording, discussion, or face-to-face meeting.

4. **"Company Property"** means all notes, analyses, compilations, studies, summaries, lists, designs, patents, plans, manuals, memoranda, and other property delivered to you by or on behalf of Senderra (including but not limited to, clients or customers obtained for Senderra by you), and all records compiled by you that pertain to the business of Senderra (whether or not confidential).

5. **"Confidential Information"** means any information of or regarding Senderra, in any form, and irrespective of whether you consider such information confidential, that is not known outside Senderra, or that Senderra compiled or collected at significant expense and effort, and any other trade secrets or proprietary information.  Such information includes, but is not limited to, information concerning Senderra's customers, clients, patients, doctors, marketing, business and operational methods, contracts, financial data, technical data, product specifications, know how, formulae, compositions, processes, designs, concepts, sketches, photographs, graphs, drawings, samples, inventions and ideas, past, current, and planned research and development, current and planned manufacturing or distribution methods and processes, prototypes, products, methodologies, techniques, e-mail, pricing, management methods, finances, strategies, systems, plans, reports, recommendations and conclusions, tear sheets, industry comparative analyses, attorney-client privileged communications or notes or correspondence regarding the substance of such communications, attorney work product, and

names, arrangements with, or other information relating to Senderra's customers, clients, suppliers, financiers, owners, and business prospects.

6. **"Senderra" or "Plaintiff"** shall refer to Plaintiff Senderra Rx Partners, LLC and each of its parents, subsidiaries, and predecessors and/or their officers, directors, representatives, employees, and authorized agents.

7. **"Spud," "Defendant," "you," or "your"** shall refer to Defendant Spud Software Company, Inc. and each of its parents, subsidiaries, and predecessors and/or their officers, directors, representatives, employees, and authorized agents.

8. **"Lund"** shall refer to Stephen M. Lund and each of his agents, representatives, assigns, and attorneys.

9. **"Documents"** or **"documentary evidence,"** as used herein, means all written, recorded, graphic, visual or matter, or other electronic or paper data compilation of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted or executed, however denominated and by whomever prepared or to whomever addressed, or to which you have now, have had, can obtain access to, regardless of where located, that are in your possession, custody, or control, and includes, but is not limited to, written communications, letters, correspondence, memoranda, minutes, notes, photographs, slides, videotapes, motion pictures, tapes or sound records, recordings of any type, e-mail (whether sent via standard e-mail, *e.g.* Gmail, Yahoo, AOL, MSN, sbcglobal, Hotmail, BellSouth, att.net, swcp.com, etc., via Internet conferencing, *e.g.* Skype, or via social networking sites such as Facebook, Linked-In, Plaxo, Twitter, or MySpace.com), computer records, electronic files, contracts, agreements, applications, policies, performance reports, memoranda of telephone conversations or personal

conversations, diaries, desk calendars, interoffice communications, reports, studies, drawings, material similar to any of the foregoing, or any data compilation from which information can be obtained or translated, to the extent necessary, by Plaintiff through forensic analysis devices or techniques into reasonably usable forms.

- A. Included in this definition are:

  - (1.) All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used in your computers, and your backup media (e.g., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMS);

  - (2.) E-mails, both sent and received, whether internally or externally; and

  - (3.) All word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software such as Microsoft Project).

- B. All data generated by calendaring, task management, and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as PalmPilot, HP Jornada, Casio Cassiopeia, or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; and data created with the use of paper and electronic mail logging and routing software.

- C. Pursuant to Tex. R. Civ. P 196.4, each and every request specifically requests production by you on a CD Rom in native format with all associated metadata.

- D. All contents and accompanying metadata for documents and information should remain unaltered.

10. **"Including"** and **"includes"** are without limitation.

11. **"Person"** means any individual, entity, or association of individuals or entities of any kind, and includes partnerships, limited partnerships, corporations, joint ventures, joint enterprises, trade associations, regulatory bodies, government agencies, or government entities of any kind.

12. **"Relating to"** as used herein means consisting of, referring to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

13. The use of the singular form of any word, including any defined term used herein, includes the plural and vice versa.

## III.
## REQUESTS FOR PRODUCTION

1. Any and all documents and communications relating to or evidencing Confidential Information or Company Property.

2. Any and all documents used, viewed, or retained by Spud related to, taken from, or otherwise the property of Senderra.

3. Any and all documents and communications exchanged between you and any third party relating to or evidencing Confidential Information or Company Property.

4. Any and all documents and communications related to the marketing of SP1 Connect.

5. Any and all documents and communications related to the development of SP1 Connect.

6. Any and all documents and communications related to the marketing of SRxConnect.

7. Any and all documents and communications related to the development of SRxConnect.

8.  Any and all documents and communications related to your development, or your participation in the development, of any products or software containing or utilizing Confidential Information or Company Property.

9.  Any and all documents and communications related to or evidencing any consent by or on the part of Senderra regarding Spud's use of Confidential Information or Company Property.

10. Any and all documents and communications related to or evidencing revenue generated from, or in any way connected to, SP1 Connect.

11. Any and all documents and communications related to or evidencing revenue generated from, or in any way connected to, SRxConnect.

12. Any and all documents reflecting or memorializing any meetings, conversations, correspondence, emails, faxes, texts, or telephone conversations with Lund.

13. Any and all documents associated with or related to Lund's employment with Spud (including the negotiation of, or the planning for, Lund's employment with Spud).